

FILED
AUG 12 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

DEBORAH SHERIDAN,                         CAUSE NO. CV 08-100-M-DWM-JCL
a.k.a., RHIANNON NICOLE SIRIDEAN,

        Plaintiff,
                                          FINDINGS AND RECOMMENDATION
vs.                                       OF U.S. MAGISTRATE JUDGE

SECRETARY OF STATE, and
UNITED STATES ATTORNEY GENERAL,

        Defendants.

## I. INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Deborah Sheridan has filed a Complaint together with a request to proceed *in forma pauperis*. Sheridan submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Sheridan lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that her Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file the Complaint as of the filing date of Sheridan's request to proceed *in forma pauperis*.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

The federal statute under which leave to proceed *in forma pauperis* is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>    (A) the allegation of poverty is untrue; or
>
>    (B) the action or appeal-
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or
>
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Sheridan's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. **PLAINTIFF'S ALLEGATIONS**

Sheridan filed her Complaint on July 16, 2008. The subject of this action stems from Defendants' alleged deprivation of Sheridan's United States passport, and of her associated federal rights, without due process of law. Sheridan alleges that a representative of the United States Department of State, Rob Holland, has "verbally" revoked her passport and her United States citizenship. Mr. Holland has determined that Sheridan is

no longer a United States citizen, that she cannot be issued a United States passport, and that she cannot use her social security number to receive any benefits. Sheridan states, however, that Mr. Holland has refused to provide written confirmation of his determination. Sheridan complains she no longer has the ability to obtain employment, attend a university, or obtain financial aid. She contends she is essentially illegally imprisoned within the United States because, in the absence of a passport, Defendants have deprived her of the ability to leave the United States to return to her home in Europe.

Sheridan alleges the conduct described above violates her rights under federal law. She alleges Defendants have violated her rights under the Fifth Amendment to the United States Constitution to travel outside the United States, to work, to study, and to vote. She asserts Defendants have deprived her of her rights as a United States citizen without due process of law.

In her pleading Sheridan refers to two prior criminal proceedings against her in two federal courts. Sheridan advises she is currently serving a three-year term of supervised release in the District of Montana as ordered by United States District Judge Charles C. Lovell as part of her criminal judgment in *United States v. Rhiannon Siridean*, CR 05-24-M-CCL. She asserts that statements made by Mr. Holland "are in direct relation" to

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

her conviction in CR 05-24-M-CCL. Additionally, Sheridan contends the supervised release Judge Lovell imposed against her directly conflicts with United States District Judge Patrick Michael Duffy's prior ruling in federal court in South Carolina directing her to "leave the country".

Sheridan requests that the Court grant her injunctive relief to remedy Defendants' alleged violations of her rights. She requests that the Court order the Department of State to issue a temporary United States passport to her so that she can return to either Switzerland or Austria. She states she will then surrender the passport when she arrives in Europe. Furthermore, Sheridan asks that the Court terminate her supervised release which is part of her sentence in her criminal proceedings in Montana (CR 05-24-M-CCL). Sheridan does not request any compensatory relief.

## III. DISCUSSION

Because Sheridan is proceeding *pro se* the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no
> request to amend the pleading was made, unless it determines
> that the pleading could not possibly be cured by the
> allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Sheridan's pleading purports to state claims for relief for Defendants' alleged violations of her rights under the United States Constitution or federal law. In certain circumstances a plaintiff can sue an individual federal agent or officer for violations of a plaintiff's constitutional rights under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A plaintiff cannot, however, maintain a *Bivens* action against the United States, its agencies, or its federal employees acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). Specifically, although a plaintiff could seek compensatory damages against a federal official in his or her individual capacity, a plaintiff cannot obtain injunctive relief against federal officials sued in their official capacities because such an action is barred by the United States' sovereign immunity. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Sheridan's attempt to assert *Bivens* claims in this action is defective. Sheridan names only the offices of the Secretary of State and the United States Attorney General as Defendants in this case, but she does not set forth any allegations describing any conduct committed by the individuals holding those offices. Therefore, in the context of Sheridan's allegations the Defendants named in this action are necessarily sued in their official capacities, and a *Bivens* action against these federal officials cannot be maintained. *Vaccaro*, 81 F.3d at 857.

Under the circumstances of this case, it is possible that Sheridan might be able to cure the defect in her *Bivens* claim. She could potentially name individual federal employees, such as Mr. Holland, as defendants in this case, and she could allege additional facts establishing actions committed by those employees in their individual capacities. Therefore, the Court would otherwise be required to afford Sheridan an opportunity to amend her pleading. *Lopez*, supra.

Although Sheridan could be given an opportunity to amend her allegations, there is a further legal ground which bars her claims as a matter of law. For the reasons discussed below Sheridan's action is procedurally barred because the substance of her claims collaterally challenges the validity of her sentence imposed in her criminal conviction.

There are alternative methods by which a plaintiff can challenge an alleged violation of her constitutional or civil rights. In appropriate circumstances federal employees can be held liable under *Bivens*, and state actors can be held liable under 28 U.S.C. § 1983, for violating a person's civil rights. A *Bivens* or a § 1983 action can be brought as a traditional civil action in federal court and, if successful, can provide compensatory or injunctive relief for the plaintiff.

In contrast to a *Bivens* or a § 1983 action, a federal habeas corpus remedy is an alternative vehicle available for the purpose of challenging alleged violations of a person's rights under the United States Constitutional or federal law which occurred with respect to a criminal conviction or sentence. Variations of the federal habeas corpus remedy are provided in federal law at 28 U.S.C. §§ 2241, 2254, and 2255.

A traditional civil rights action and a federal habeas corpus action each provide a plaintiff with access to the federal courts for "claims of unconstitutional treatment at the hands of [government] officials, but they differ in their scope and operation." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). The remedies are, in effect, mutually exclusive in that a plaintiff cannot employ one vehicle to obtain a remedy which is otherwise available only through the use of the other vehicle. In *Heck*, which involved an action against state actors pursuant to 42

U.S.C. § 1983, the Supreme Court clarified the distinguishing characteristics of the two vehicles and held that when a plaintiff brings a § 1983 suit

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487 (emphasis added). Therefore, in a case where the plaintiff's legal claims suggest his or her conviction or sentence is invalid the plaintiff's sole federal remedy is a writ of habeas corpus.

Although *Heck* involved a claim under 42 U.S.C. § 1983, and Sheridan instead potentially raises claims under *Bivens*, "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Consequently, "the rationale of *Heck* applies to *Bivens* actions." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (per curiam) (citing *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam)).

In her Complaint Sheridan refers to her criminal conviction and sentence imposed in this Court in CR 05-24-M-CCL. The Court may take judicial notice of matters in pleadings or documents filed in state or federal courts. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), and *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995). The record in Sheridan's criminal case establishes that she pled guilty to two counts of an Indictment charging her with making a false statement in an application for a passport in violation of 18 U.S.C. § 1542, and committing aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). As a standard condition of Sheridan's supervised release, which she states she is currently serving, the Amended Judgment filed against her requires that "the defendant shall not leave the judicial district without the permission of the court or probation officer[.]" *United States v. Siridean*, CR 05-24-M-CCL, Amended Judgment in a Criminal Case (May 12, 2008) at 3.

Under the circumstances of this case, Sheridan's remedy, if any, lies solely in the form of habeas corpus relief and not a *Bivens* action. Pursuant to 28 U.S.C. § 2255, a defendant can request that the federal court "vacate, set aside or correct the sentence"

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 9

28 U.S.C. § 2255. Habeas relief under § 2255 is warranted if a defendant succeeds on a meritorious jurisdictional or constitutional claim (*Hill v. United States*, 368 U.S. 424, 428 (1962)) which has a "substantial and injurious effect or influence". *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Section 2255 relief is available for claims alleging that a person's custody is unlawful. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999). Specifically, in the context of Sheridan's claims in this case, a motion under 28 U.S.C. § 2255 for habeas relief is the proper vehicle to challenge the legality of a condition of supervised release. *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

As an alternative to § 2255, Sheridan may have a remedy available to her pursuant to 18 U.S.C. § 3583(e)(2). Federal law at § 3583(e)(2) provides a method by which a person serving a federal criminal sentence can move the court to modify specific terms of the person's supervised release. The Court notes, however, that the remedy under § 3583(e)(2) is available only on grounds specified in the statute; it is not available to remedy claims alleging that a condition of supervised release is illegal. *Gross*, 307 F.3d at 1044.

Based on the foregoing Sheridan's sole federal remedy is through federal habeas relief or under § 3583. Her allegations in this action necessarily imply that the condition of her term

of supervised release which requires her to remain in the District of Montana is improper. If the Court were to conclude that Sheridan's inability to obtain a passport and her inability to leave the United States due to Mr. Holland's actions violates her constitutional rights, those rulings would necessarily imply that her term of supervised release, as it currently exists, is invalid because it illegally prohibits her from leaving the United States. Sheridan alleges Mr. Holland's conduct is in direct relation to her criminal sentence in Montana, but she has not demonstrated that she has already invalidated the applicable condition of her supervised release as required by *Heck*.

Furthermore, Sheridan specifically requests that this Court terminate her supervised release through this civil action. That relief, if appropriate, can only be granted by the District Judge who accepted her guilty pleas and imposed the criminal sentence on her. Therefore, pursuant to *Heck* and 28 U.S.C. § 1915(e)(2)(b)(ii) supra, Sheridan's claims must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, the Court hereby enters the following:

### RECOMMENDATION

1. Sheridan's Complaint should be **DISMISSED** without prejudice.

2. Pursuant to Fed. R. App. P. 24(a)(3)(A), the district court should certify that any appeal from its disposition in this case would not be taken in good faith.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 12th day of August, 2008.

Jeremiah C. Lynch
United States Magistrate Judge