

**FILED**

SEP 0 4 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DEBORAH SHERIDAN, a.k.a, RHIANNON NICOLE SIRIDEAN, | ) ) ) | CV 08-100-M-DWM-JCL |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| SECRETARY OF STATE, and UNITED STATES ATTORNEY GENERAL, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Sheridan has filed a Complaint alleging Bivens claims against federal officials for violation of her constitutional rights stemming from the revocation of her passport. Sheridan alleges that she was deprived of her United States passport and associated federal rights without due process of law. Sheridan pled guilty to two counts of making a false statement in an application for a passport in CR 05-24-M-CCL, and is currently on supervised release, one condition of which is

-1-

that she not leave the judicial district without the permission of the court or the probation officer.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted. Judge Lynch explained that for Sheridan to prevail on her claim the Court would have to determine that her sentence in CR 05-24-M-CCL is invalid. Because the claim rests on the assumed invalidity of a federal criminal conviction or sentence, it may not be raised in a Bivens proceeding under Heck v. Humphrey, 512 U.S. 477, 480 (1994). Judge Lynch concluded that the only available remedies for the Plaintiff are through 28 U.S.C. § 2255 or 18 U.S.C. § 3583(e)(2).

Plaintiff Sheridan did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

-2-

conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

The Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal from this disposition would not be taken in good faith.

DATED this 4 day of September, 2008.

Donald W. Molloy, District Judge
United States District Court